UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| SCOTT C. WORRALL,              )<br>                                                      )<br>          Plaintiff,             )<br>                                                      )<br>     v.                                            )<br>                                                      )<br> SMITH & WESSON CORP., and  )<br> GANDER MOUNTAIN COMPANY,  )<br>                                                      )<br>          Defendants.         ) | 2:09-cv-51-LJM-WGH |

### ORDER ON DEFENDANT, SMITH & WESSON CORP.'S MOTION TO COMPEL

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on Defendant, Smith & Wesson Corp.'s Motion to Compel filed on October 28, 2009. (Docket No. 43). Plaintiff's Response to Defendant's Motion to Compel was filed on November 18, 2009. (Docket No. 46). Defendant's Reply in Support of Motion to Compel was filed on November 20, 2009. (Docket No. 47).

The Court, being duly advised, now **CONDITIONALLY GRANTS** Defendant, Smith & Wesson Corp.'s Motion to Compel, subject to certain conditions described below.

This lawsuit involves the Plaintiff's claim that on the first day he used a new firearm, a defective clip came apart and struck him in the eye. Therefore, whether and, if so, to what extent the firearm and its clip were defective is the key issue in this litigation. The firearm and clip have been in the possession of

the Plaintiff and his counsel since the date of the incident, which was January 9, 2007. This lawsuit was filed on February 13, 2009.

On July 14, 2009, Defendant Smith & Wesson served Requests for Production upon Plaintiff which included a request to produce the firearm identified in the Plaintiff's Complaint for inspection and testing. Smith & Wesson requested the firearm be shipped to Smith & Wesson's facilities in Springfield, Massachusetts. Initially, Plaintiff agreed to ship the firearm; however, Plaintiff's counsel instead sent photographs of the firearm's clips but not the firearm or clip itself. Smith & Wesson's counsel requested that the firearm be shipped to its facilities to save litigation costs and fees by reducing travel for an expert to examine the firearm. The expert's costs to travel to Springfield, Massachusetts, are purported to be less than his costs to travel to Terre Haute, Indiana.

Under Rule 34 of the Federal Rules of Civil Procedure, a party may serve on any other party a request to produce and to permit an inspection, testing, or sampling of an item in the responding party's possession, custody, or control. Under FED.R.CIV.P. 34(b)(1)(B), the request must specify a reasonable time, place, and manner for the inspection, and for performing the related acts.

In his opposition to the motion, Plaintiff argues that Defendant's request is not reasonable and points out the following:

1. Plaintiff's counsel has expressed concern about the firearm becoming lost in the mail or damaged during shipping.

   2.  Parties are permitted to be present and represented at important stages of litigation, and in this case, the inspection of the firearm is the most critical piece of evidence in Plaintiff's case.

   3.  If the inspection is to be done in Massachusetts, Smith & Wesson will have an expert travel from the New Jersey/New York area, defense counsel will need to travel to the inspection site from counsel's Pittsburgh, Pennsylvania location, and Plaintiff's counsel and Plaintiff's own expert may be required to travel to the inspection site themselves to ensure that the inspection is done in a proper manner.  The total costs of travel potentially expended by all parties far outweighs the costs to all parties if only Smith & Wesson's expert travels to Terre Haute.

   In its reply, Smith & Wesson argues that the inspection which it seeks is from an expert who is a consulting expert and who may yet not be used at trial with respect to this matter.  Smith & Wesson alleges that this inspection is in the nature of an attorney work product inspection and, therefore, Plaintiff's expert and counsel are not required to be present.  Smith & Wesson asserts no destructive testing will be performed.  Smith & Wesson also argues that so long as the costs incurred by Plaintiff are not excessive, the costs incurred by Smith & Wesson are irrelevant to the issue of where production should occur.

   This court's review of FED.R.CIV.P. 34 supports Smith & Wesson's position.  Under the rule, a party may serve on any other party a request to produce and permit an inspection, testing, or sampling of an item so long as the request

specifies a reasonable time, place, and manner for the inspection. Smith & Wesson's request that the firearm be shipped in this case is not an unreasonable time, place, or location, so long as Smith & Wesson's expert engages in no destructive testing.[1] Under FED.R.CIV.P. 26(b)(4)(B), Plaintiff's counsel is not entitled to be present at each inspection or view of an item if conducted by a person not expected to be called as a witness at trial. In the event Smith & Wesson chooses to retain this particular expert for testimony at trial, it will be required to disclose that expert's opinion at that time. FED.R.CIV.P. 26(a)(2)(b). That report will be required to disclose the manner in which testing was performed on this occasion, and the expert will then become subject to cross-examination at trial.

The Magistrate Judge does perceive some possibility that the firearm and clip could be lost or damaged in shipping. However, Plaintiff has had and still may have the firearm and clip inspected and photographed to establish its condition prior to shipping. Any loss or damage during shipping will result in the Defendants being unable to rebut the testimony of the Plaintiff as to the condition of the firearm at the time the incident occurred. In light of Smith & Wesson's request for shipment, the Defendants will not be entitled to any spoliation instruction at trial – as loss or destruction will be done at their

---

[1] If destructive testing were to occur, then obviously Plaintiff and his expert should be present for any such testing, and the request by Smith & Wesson at that time would become unreasonable.

request. To prevent damage being done after arrival in Smith & Wesson's possession, certain precautions can be taken. For example, the inspection by the expert can be performed on videotape. This tape will not be subject to discovery unless Plaintiff can demonstrate that the firearm and clip are returned in a substantially different condition than that in which it was sent.

Therefore, the Motion to Compel is **GRANTED,** subject to the following conditions:

1. There shall be no destructive testing performed on the item at any time.

2. Costs for shipping the item shall be borne by Smith & Wesson.

3. The inspection by Smith & Wesson's expert shall be recorded via videotape, so that in the event of inadvertent damage to the firearm or clip, the actions of the expert are subject to review at a later time. The videotaping of the inspection will be considered a part of the attorney work product and will not be subject to disclosure unless some damage has been done or alteration has occurred to the firearm or clip after the time it was shipped to the expert, as documented by photographs or other evidence taken by Plaintiff prior to shipment.

**SO ORDERED.**

**Entered:** December 11, 2009

William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Electronic copies to:**

Joshua B. Fleming
FROST BROWN TODD LLC
jfleming@fbtlaw.com

Daniel John McGlone
McGLONE LAW
dan@2344000.com